885 P.2d 1083

In the Matter of a Disbarred Member of the State Bar of Arizona, Patrick J. PEARTREE, Bar No. 007770, Respondent.

No. SB–94–0077–D.
Comm. No. 92–1838.

Supreme Court of Arizona.

Dec. 2, 1994.

Margaret H. Downie, State Bar Counsel, and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, for the State Bar.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **PATRICK J. PEARTREE**, a disbarred member of the State Bar of Arizona, is hereby disbarred for conduct in

violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **PATRICK J. PEARTREE** shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED **PATRICK J. PEARTREE** shall be assessed the costs of these proceedings in the amount of $347.40, together with interest at the legal rate from the date of this judgment.

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION
OF THE
SUPREME COURT OF ARIZONA

Comm. No. 92–1838

In the Matter of

PATRICK J. PEARTREE,

Attorney No. 007770

a Disbarred Member of the

State Bar of Arizona,

RESPONDENT.

DISCIPLINARY COMMISSION REPORT

[Filed Sept. 1, 1994.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on July 9, 1994, for review of the record on appeal, pursuant to Rule 53(d), Ariz.R.S.Ct. The Commission considered the Hearing Officer's recommendation of disbarment. No objections to the Hearing Officer's recommendation were filed.

*Decision*

By a concurrence of the eight Commissioners considering the matter,[1] the Commission adopts the recommendation of the Hearing Officer that the respondent, Patrick J. Peartree ("Peartree"), be disbarred. The Commission also unanimously adopts the findings of fact and conclusions of law of the Hearing Officer.

*Facts*

Peartree acted as counsel for a partnership which was the plaintiff in a case filed in superior court. After a trial, judgment was entered in favor of the plaintiff, and was affirmed by the Court of Appeals. Thereafter, the managing partner of the partnership tried repeatedly to contact Peartree, but was unsuccessful. In fact, Peartree had abandoned his law practice without informing the partnership that he was discontinuing representation and would be taking no further action on its behalf. In addition, Peartree left the state without informing the partnership of his whereabouts.

Peartree did not collect on the judgment entered against the defendant and failed to record the judgment; in fact, he took no reasonable steps to protect the partnership's interest in the judgment. For example, the judge indicated that the supersedeas bond posted by the defendants could be increased if it became inadequate. Due to accruing interest on the judgment, the bond amount did become inadequate, but Peartree made no effort to have the bond increased. Peartree's general failure to take any action subsequent to the trial ultimately prejudiced the partnership's efforts to fully collect on the judgment.

The partnership eventually hired new counsel to take over its representation. The new counsel made repeated, but unsuccessful, attempts to contact Peartree and obtain the file relating to the litigation. As such, the legal representation of the partnership in this matter was hindered and made more expensive.

Peartree has not participated in the disciplinary process. As Peartree now resides in Indiana, the complaint was served upon the disciplinary clerk.[2] When he failed to re-

---

1. Commissioner Rubin did not participate in these proceedings.

2. Rule 55(b)(6)

spond, the complaint was deemed admitted.[3] Peartree was notified of his right to be heard in mitigation and, again, failed to respond. He was notified of the opportunity to object to the Hearing Officer's report and to file a statement on review before the Commission. Peartree did not object, did not file a statement on review, and did not request oral argument before the Commission.

## Discussion of Decision

The Hearing Officer found that Peartree's conduct was in violation of ER 1.1, ER 1.2, ER 1.3, ER 1.4, ER 1.15, ER 1.16(d), ER 8.1, and Supreme Court Rule 51(h) and (i). The Commission agrees.

In determining the appropriate sanction, the Court looks for guidance in the American Bar Association's *Standards for Imposing Lawyer Sanctions. In re Tarletz,* 163 Ariz. 548, 789 P.2d 1049 (1990). The Commission uses that guideline, as well.

Standard 7.0 addresses violations of duties owed as a professional. One of the duties a lawyer owes as a professional is the duty to properly withdraw from the representation of a client. Standard 7.2 provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system. Peartree made no attempt to notify his client that he was leaving the practice of law; rather, he simply stopped performing any work on the case, despite the fact that there were post-trial matters to be handled before the client could fully collect the judgment. Consideration of this Standard alone, then, indicates suspension is appropriate.

A review of Standard 4.4, addressing lack of diligence, however, indicates suspension is insufficient. Specifically, Standard 4.41(a) provides for disbarment when a lawyer abandons the practice and causes serious or potentially serious injury to a client. Peartree abandoned his representation of the partnership without notice, to the detriment of the partnership. Standard 4.4, then, indicates disbarment is warranted.

The Commission also considered the existing aggravating and mitigating circumstances, as listed in Standard 9.32 and 9.22, respectively. Such factors may justify an increase or decrease in the degree of discipline to be imposed. A review of those factors present in the instant matter lends further support to a recommendation of disbarment. In aggravation are a pattern of misconduct and bad faith obstruction of the disciplinary proceeding by intentionally failing to cooperate with the disciplinary system. In addition, Peartree was disbarred in March 1994 for virtually identical conduct.[4] Finally, although not specifically listed in Standard 9.22, the Hearing Officer found Peartree's abandonment of his practice and the partnership as an additional factor in aggravation. No mitigating factors were found.

Based upon the record on appeal, a review of the Standards as they apply to the matter at hand, and, in particular, Peartree's recent disbarment for virtually the same conduct, the Commission agrees with the Hearing Officer that disbarment is the appropriate sanction in this matter, and so recommends.

RESPECTFULLY SUBMITTED this 1st day of September, 1994.

/s/ Steven L. Bossé
Steven L. Bossé, Chairman
Disciplinary Commission

---

3. Rule 53(c)(1)

4. Standard 9.22 includes "prior disciplinary offenses" as an aggravating factor.